

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom C. King
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:

Opinion No. O-845
Re: Construction of Article 4388
Vernon's Annotated Civil Stat-
utes.

Your request for an opinion of this department concerning the proper construction of Article 4388, Vernon's Annotated Civil Statutes, as we view it, contains four separate and distinct problems.

The first problem you inquire about is whether or not money, the status of which is undetermined only in that the specific fund said money is to go into is unknown, may be paid into the Suspense Fund. The problem arises more specifically in a case where there is no question but that the State is entitled to receive the money.

Article 4388, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"The State Treasurer shall receive daily from the head of each Department, each of whom is specifically charged with the duty of making same daily, a detailed list of all persons re-mitting money the status of which is undeter-mined or which is awaiting the time when it can finally be taken into the Treasury, together with the actual remittances which the Treasurer shall cash and place in his vaults or in legally authorized depository banks, if the necessity arises. * * *"

In Conference Opinion No. 3048, this department ruled that the above quoted Article allowed the payment of any money into the Suspense Fund which is awaiting the time that

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



Honorable Tom C. King, Page 2

the same can finally be paid into the Treasury. It is the
opinion of this department that until the specific fund to
which the money is properly belonging can be determined that
the same cannot finally be taken into the Treasury. In such
a case such money could be paid into the Suspense Fund even
though there was no question about the State's right to keep
said money. Our conclusion, in this respect, is based upon
an analysis of the statutes which outline the authority of
the Comptroller of Public Accounts and of the State Treasurer
in such a situation.

Article 4364, Vernon's Annotated Civil Statutes,
reads, in part, as follows:

"Accounts shall be kept for funds, a sep-
arate account for each fund, which shall be
credited with deposit warrants and charged
with pay warrants issued: Balances of such
accounts shall represent balances in the funds
after taking into consideration all warrants
issued. Accounts shall also be kept showing
the bonds or securities owned by each fund.

"* * *

"SUSPENSE LEDGER.- A suspense ledger shall
be kept in which the accounts of the State
Treasurer shall be stated in respect to moneys
held by him pending the issuance of deposit
warrants and moneys and securities held other
than those for State purposes, for all which
the Comptroller shall issue deposit receipts,
posting the same to this ledger. It shall
also include the accounts with heads of de-
partments for all moneys received by them and
deposited with the State Treasurer in suspense."

Article 4381, Vernon's Annotated Civil Statutes,
reads, in part, as follows:

"The State Treasurer shall cause the daily
totals of deposit warrants to be posted to the
proper fund and control accounts in the general
ledger. The Treasurer shall keep a 'transit
record,' in which he shall record the essential

Honorable Tom C. King, Page 3

details of all cash, checks, money orders,
drafts or other items deposited or cashed
each day, showing the items deposited in
each depository bank or otherwise disposed
of. The totals of deposits shall be charged
to the accounts of the respective depositories
on the books of the Treasury. * * *"

The reading of the above quoted Article clearly
indicates that the procedure for final payment into the State
Treasury is by the issuance of a deposit warrant. Such de-
posit warrant is issued to the particular fund to which the
money goes. It is true, then, that until the fund to which the
money should go is determined the deposit warrant to that fund
cannot be issued for such money. For this reason, it is our
opinion that in a case where money is paid to one of the depart-
ments of the State, and there is a question as to which partic-
ular fund said money should go, the same may properly be paid
into the Suspense Fund because said money cannot be placed into
the proper fund until a deposit warrant for such money is drawn.
Only then is the money paid into the Treasury. While the partic-
ular destination of the fund is in question, even though there
is no question as to the State's right to the money, we feel that
the money comes within the catagory of "money which is awaiting
the time when it can finally be taken into the Treasury" as set
out in Article 4388. You are, therefore, advised that in cases
where there is an actual doubt as to the particular fund to which
a money should go said money may properly be placed in the Sus-
pense Fund by the head of a department.

Your second problem deals with which public official
has the power to determine which money shall be placed in the
Suspense Account. You are advised that Article 4388 provides
that the head of each department shall make a report containing
a detailed list of all persons remitting money the status of
which is undetermined or which is awaiting the time when it can
finally be taken into the Treasury. The statute further spec-
ifically provides that the head of each department is specifical-
ly charged with the duty of making such a list daily. It is
the opinion of this department, therefore, that the head of each
department has the power to place money into the Suspense Ac-
count when the same is awaiting the time when it can finally
be taken into the Treasury. Record of such payment is of course
made by the Comptroller in the suspense ledger as provided in
the above quotation of Article 4364.



Honorable Tom C. King, Page 4

Your third problem deals with a situation where it is determined that part of the money should be returned to a taxpayer and the other part is to be kept by the State. However, the money which belongs to the State is money which is awaiting the time when it can finally be taken into the Treasury. You ask whether the part that is to be returned to the taxpayer may be so returned prior to the time the rest of the money is paid into the State Treasury by the issuance of a deposit warrant. You are advised that in such a case the status of the money which is to be returned to the taxpayer is definitely determined and the same may be returned to him. As to the money which is coming to the State, the same may be properly kept in the Suspense Fund until it can finally be taken into the Treasury. It is the opinion of this department, therefore, that in such a case as outlined, the money which is to be returned to the taxpayer may be so returned prior to the time the remainder of the money which cannot be finally taken into the Treasury is taken out of the Suspense Fund.

Your fourth question is whether a specific payment placed in the Suspense Fund must be separately earmarked and kept as a separate account therein. The procedure for the payment of money into the Suspense Fund is outlined in Article 4388. The money is paid into the Suspense Fund and a deposit receipt is issued by the Comptroller for the daily total of such remittances from each department. Article 4364, supra, provides that the Comptroller shall keep an account in the suspense ledger of the moneys held by him pending the issuance of deposit warrants. You are advised that when the payments are made into the Suspense Fund as a matter of accounting the same should be kept separately. The purpose of the Suspense Statutes is to provide a method whereby money may be paid to the State which will not be paid into the State Treasury until it is finally determined to whom the money belongs, or until a time when the same may be finally paid into the State Treasury. The Suspense Fund serves as a sort of a depository. If money is paid into the Suspense Accounty by a taxpayer and the same is erroneously placed in the general fund, payment could not be made to him from the Suspense Fund. To do so would be to pay him money which someone else had placed in said fund or money which had not as yet been placed in the State Treasury. This department so ruled in Opinion No. O-44, a copy of which is hereby attached, You are, therefore, advised that a separate account should be kept of each payment placed in the Suspense Fund by the Comptroller.



We trust that the above discussion of Article 4388 will satisfactorily answer your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ~Billie Goldberg~
Billie Goldberg
Assistant

BG:RS

APPROVED JAN 15, 1940

ATTORNEY GENERAL OF TEXAS